h KOSTELKA, J.,
dissenting
I respectfully dissent.
This court long ago identified the standards and boundaries for evaluating motions to set aside a jury’s verdict by either JNOV or new trial. See, Gibson v. Bossier City General Hosp., 594 So.2d 1332 (La.App. 2d Cir.1991). More recent cases have followed. Chambers v. Graybiel, 25,-840 (La.App. 2d Cir.06/22/94), 639 So.2d 361, writ denied, 94-1948 (La.10/28/94, 644 So.2d 377) and Matthews v. Arkla Lubricants, Inc., 32,121 (La.App. 2d Cir.08/18/99), 740 So.2d 787. We have held as follows: a trial court must not substitute its judgment of the facts for that of the jury and must consider all evidence in the light most advantageous to the party in whose favor the jury verdict was rendered giving that party the benefit of every legitimate and reasonable inference that could be drawn from the evidence; JNOV is required only when there is no bona fide factual issue; JNOV is appropriate when the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable men could not arrive at a contrary verdict. With these principles in mind, it does not seem that a mere difference of opinion about the amount of an award would justify JNOV, particularly where the result of the JNOV is to grant two adult and independent sons a higher award than that given the widow of the deceased. The more proper course for the trial court here would have been to invoke La. C.C.P. art. 1814 calling for an additur or a new trial.